IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**FRIENDS OF THE WILD SWAN, INC. and ALLIANCE FOR THE WILD ROCKIES, INC.**,

       Plaintiffs,

  v.

**ROBYN THORSON et al.**

       Defendants.

No. 3:16-cv-00681-AC

OPINION AND ORDER

**MOSMAN, J.**,

On September 9, 2015, the United States Fish and Wildlife Service ("the Service") and the United States Department of Interior ("the Department") released their Recovery Plan for the Coterminous United States Population of Bull Trout ("the Plan"). Approximately seven months later, Plaintiffs Friends of the Wild Swan and the Alliance for the Wild Rockies filed their Complaint [1], asserting that the Plan violates Section 4(f) of the Endangered Species Act ("ESA")[1] and the Administrative Procedures Act ("APA"). Defendants the Service, the Department, and their individual representatives moved to dismiss [18] the Complaint on July 15, 2016.

---

[1] Section 4(f) of the ESA is located at 16 U.S.C. § 1533(f).

1 – OPINION AND ORDER

Magistrate Judge John V. Acosta considered Defendants' motion and issued his Findings and Recommendation ("F&R") [22] on January 5, 2017. In his F&R, Judge Acosta recommends that Defendants' Motion to Dismiss should be GRANTED. Plaintiffs objected to the F&R [27], and Defendants responded [30] to those objections. Ultimately, I agree with Judge Acosta's recommendation and ADOPT the F&R [18] as my own opinion. However, I provide the following supplemental analysis in response to Plaintiffs' objections.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Plaintiffs seek a declaration that, in releasing the Plan, Defendants violated Section 4(f) of the ESA and the APA. Plaintiffs also seek an injunction ordering Defendants to promptly develop a legally sufficient recovery plan. In his F&R, Judge Acosta found that Plaintiffs' claims only challenge discretionary aspects of the Plan and, therefore, are not actionable under the citizen-suit provision of the ESA (15 U.S.C. § 1540(g)). Judge Acosta also found that Plaintiffs'

2 – OPINION AND ORDER

APA claim fails because the Plan does not constitute a "final agency action" in accordance with 5 U.S.C. § 704. Plaintiffs object to both of these findings.

**I.      Failure to Raise a Claim Under the ESA**

In their Complaint, Plaintiffs challenge the content of the Plan, asserting that it fails to comply with the requirements under 16 U.S.C. § 1533(f)(1)(B).[2] But Judge Acosta found that even though the Secretary has a non-discretionary duty to incorporate the items from § 1533(f)(1)(B) into recovery plans "to the maximum extent possible," how the Secretary does so is discretionary. He also found that even though Plaintiffs had alleged deficiencies in the Plan, the deficiencies related to areas within the Defendants' discretion rather than a non-discretionary duty. Based on these findings, Judge Acosta concluded that Plaintiffs' first eight claims fail to sufficiently state a claim for relief, and therefore, this Court lacks jurisdiction under the ESA's citizen-suit provision.

Plaintiffs object to Judge Acosta's finding that the way in which § 1533(f)(1)(B)'s requirements are incorporated into a recovery plan is discretionary and not reviewable. Specifically, Plaintiffs argue that such an outcome (1) frustrates the purpose and structure of the

---

[2] 16 U.S.C. § 1533(f)(1)(B) provides that:

> (1) . . . The Secretary, in developing and implementing recovery plans, shall, to the maximum extent practicable --
>
> . . .
>
> (B) incorporate in each plan --
>
> > (i) a description of such site-specific management actions as may be necessary to achieve the plan's goal for the conservation and survival of the species;
> >
> > (ii) objective, measurable criteria which, when met, would result in a determination, in accordance with the provisions of this section, that the species be removed from the list; and
> >
> > (iii) estimates of the time required and the cost to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward that goal.

3 – OPINION AND ORDER

ESA and (2) eviscerates the ESA's public participation requirements. Furthermore, Plaintiffs argue that the cases upon which Judge Acosta relied in reaching his conclusion are distinguishable from the one at hand and do not provide a conclusive answer on the amount of discretion Defendants have in regards to the content of recovery plans.

In regards to Plaintiffs' first argument, I disagree that Judge Acosta's conclusion frustrates the purpose and structure of the ESA. The ESA was enacted to assist in conserving endangered and threatened species, as well as the ecosystems upon which those species rely. 16 U.S.C. § 1531(b); *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1091 (9th Cir. 2015). In furtherance of this purpose, Section 4 of the ESA places several obligations upon the Secretary,[3] including designating critical habitats and developing recovery plans. *See* 16 U.S.C. § 1533(b), (g). Congress also authorized civil suits against the Secretary for failure to perform any acts under Section 4 but only when such acts are not discretionary. *Id.* § 1540(g)(1)(C). Thus, it is clear from the statutory language that Congress intended some acts of the Secretary to remain outside the purview of judicial review. *Cf. Kennecott Copper Corp. v. Costle*, 572 F.2d 1349, 1355 (9th Cir. 1978) (considering a similar citizen-suit provision under the Clean Water Act).

Here, Plaintiffs' assertion that Judge Acosta's conclusion would render § 1533(f)(1)(B) "nearly a dead letter" is an overstatement. A citizen may still bring suit under § 1540(g) when the Secretary fails to incorporate, to the maximum extent possible, one of the requirements from § 1533(f)(1)(B) in a given recovery plan. That this understanding of § 1533(f)(1)(B) limits the public's ability to challenge the content of recovery plans is undeniable. But it is clear from the statutory text that Congress intended there to be such limitation, at least to some extent. And

---

[3] In the ESA, the term "Secretary" means the Secretary of the Interior or the Secretary of Commerce. 16 U.S.C. § 1532(15).

Plaintiffs provide little legal authority to demonstrate that Judge Acosta erred in determining where Congress drew the line. Thus, even if Plaintiffs are correct as a policy matter that citizens should be allowed to challenge the way in which the Secretary incorporates the requirements from § 1533(f)(1)(B) into a recovery plan, this is a matter better suited for Congress than the courts.

I also disagree that the outcome under Judge Acosta's F&R would eviscerate the ESA's public participation requirements. Under the ESA, the Secretary has a duty to (1) "provide public notice and opportunity for public review and comment" on the recovery plan and (2) "consider all information presented during the public comment period prior to approval of the plan." 16 U.S.C. § 1533(f)(4). This duty is nondiscretionary and thus judicially reviewable under the statute's citizen-suit provision. *See id.* §§ 1533(f)(4), 1540(g)(1)(C). Furthermore, the public participation duty is separate and distinct from the Secretary's duty to incorporate, to the maximum extent possible, the items from § 1533(f)(1)(B) into its recovery plans. Thus, despite Plaintiffs' contention, concluding that the way in which § 1533(f)(1)(B)'s requirements are incorporated is not reviewable does not foreclose a citizen's ability to bring suit for the Secretary's violation of its public participation duty.[4]

Finally, Plaintiffs also argue that the cases upon which Judge Acosta relied in his F&R are distinguishable from the one at hand and do not provide a conclusive answer on the amount of discretion Defendants have in regards to the content of recovery plans. As a preliminary matter, I recognize that binding authority on this issue is scant. That said, I agree with Judge Acosta's analysis of the ESA's text and his treatment of relevant caselaw from the Ninth Circuit

---

[4] In general, Plaintiffs' arguments relating to the ESA's public participation duty are confusing. In fact, from reading the Plaintiffs' objections, one would think that Plaintiffs' Complaint includes allegations that Defendants violated their nondiscretionary duty to provide public comment and consider information from a public review period. However, Plaintiffs' Complaint includes no such allegations. And, to the extent Plaintiffs are trying to allege that Defendants violated that duty here, they are too late.

5 – OPINION AND ORDER

and other districts. Plaintiffs highlight distinctions in some of these cases, but they do not provide any principled reasons for why the distinctions matter, let alone any cases that would produce a different result. Thus, I agree with Judge Acosta's conclusion that the way in which the Secretary incorporates § 1533(f)(1)(B)'s requirements into recovery plans is discretionary and thus not reviewable.

For the reasons above, I reject Plaintiffs' objections relating to their claims brought under the ESA. Furthermore, I agree with Judge Acosta that these claims fail to state a claim for violation of a nondiscretionary duty. The consequence of this particular type of failure to state a claim is that this Court lacks jurisdiction over the claims under the citizen-suit provision.[5] That said, Plaintiffs might be able to assert additional facts that would demonstrate a violation of a nondiscretionary duty and, therefore, provide a basis for the Court's jurisdiction. As such, I DISMISS Plaintiffs' first eight claims but grant Plaintiffs leave to amend their Complaint. *See Desoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("[W]hen a court dismisses a complaint for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (citation omitted) (internal quotation marks omitted)).

---

[5] I recognize there is a confusing interplay here between lack of subject matter jurisdiction and failure to state a claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) ("On the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have been less than meticulous."). But, in *Coos County Board of County Commissioners v. Kempthorne*, the Ninth Circuit explained:

> Because the United States must waive its sovereign immunity before a federal court may adjudicate a claim brought against a federal agency, and has done so through the above-discussed ESA and APA provisions, to establish waiver of immunity Coos County must have successfully stated a claim under those provisions. . . . Thus, if the district court's Rule 12(b)(6) dismissal was justified, its Rule 12(b)(1) ruling was also correct.

531 F.3d 792, 801 (9th Cir. 2008) (internal quotation marks omitted). As such, it appears that when addressing this "hybrid" area of Rule 12(b), the standard procedure is to determine whether a plaintiff has properly stated a claim in order to determine whether the district court has subject-matter jurisdiction.

## II. Final Agency Action Under the APA

In their ninth claim for relief, Plaintiffs assert that their previous eight claims are alternatively actionable under the APA. But Judge Acosta found that the Plan was not a final agency action, and thus, the Court does not have jurisdiction to hear the claim. Plaintiffs object to this finding.

Courts only have jurisdiction under the APA to review final agency actions. *Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006). "For an agency action to be final, the action must (1) 'mark the consummation of the agency's decisionmaking process' and (2) 'be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Id.* (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). In making this determination, courts "focus on the practical and legal effects of the agency action," determining finality "in a pragmatic and flexible manner." *Id.* (citation omitted).

In his F&R, Judge Acosta did not focus on the first prong of the *Bennett* test. Instead, it appears he relied exclusively on the second prong to conclude that the Plan does not constitute a final agency action.[6] Specifically, relying on caselaw stating that recovery plans are not binding, he found that the Plan "does not determinate any rights or obligations and does not require immediate compliance with its terms." As such, the Plan is not a final agency action for purposes of the APA.

Plaintiffs essentially admit that recovery plans are not legally binding. But Plaintiffs argue that the non-binding nature of these plans is not dispositive of their finality. Rather, Plaintiffs assert that courts should focus on a plan's real-world consequences to determine

---

[6] In their objections, Plaintiffs provide some argument on *Bennett's* first prong, but both parties devote most of their attention to the second prong. Because I ultimately agree with Judge Acosta that the Plan does not satisfy *Bennett's* second prong, I do not need to address whether the Plan satisfies the first prong.

7 – OPINION AND ORDER

whether it is a final agency action. Plaintiffs then provide several cases that purportedly show the influential effect recovery plans have on future actions in regard to a protected species.

I disagree with Plaintiffs' position. First, despite their assertion, Plaintiffs provide no authority that I should focus on the Plan's real-world consequences instead of its non-binding nature. In *Oregon Natural Desert Association*, the Ninth Circuit recognized that an "agency action may be final if it has a direct and immediate effect on the day-to-day business of the subject party." 465 F.3d at 987 (citation omitted) (internal quotation marks omitted). This statement might appear to support Plaintiffs' assertion that a plan with real-world consequences is sufficiently final for purposes of the APA. But, in the next breath, the Ninth Circuit stated that courts should consider "whether the [action] has the *status of law or comparable legal force*, and whether immediate compliance with its terms is expected." *Id.* (emphasis added) (citation omitted). Thus, the fact that a recovery plan carries with it "real-world consequences" is not enough to qualify it as a final agency action.[7]

Plaintiffs' concession that recovery plans are not legally binding fits in with Ninth Circuit authority. The Ninth Circuit has explicitly stated that recovery plans "are not binding authorities." *Conservation Cong. v. Finley*, 774 F.3d 611, 614 (9th Cir. 2014); *see also Cascadia Wildlands v. Bureau of Indian Affairs*, 801 F.3d 1105, 1114 n.8 (9th Cir. 2015) ("It is undisputed that, generally, FWS recovery plans are not mandatory. The Endangered Species Act does not mandate compliance with recovery plans for endangered species."). As such, I agree with Judge Acosta's finding that the Plan is not a final agency action, and thus, this court does not have

---

[7] The cases on which Plaintiffs rely provide support for the assertion that recovery plans carry with them real-world consequences. *See, e.g.*, *Alaska v. Lubchenco*, 723 F.3d 1043, 1053-54 (9th Cir. 2013) (noting that the agency considered the prospects of a species' recovery as set out in the recovery plan when issuing limitations on commercial fishing); *Ctr. for Biological Diversity v. Evans*, No. C 04-04496 WHA, 2005 WL 1514102, at *4, 7 (N.D. Cal. June 14, 2005) (relying, in part, on a recovery plan to determine that the agency's delay in complying with its statutory duty to designate a critical habitat was unreasonable). But, as noted above, the fact that a recovery plan may affect an agency's future conduct does not necessarily mean the plan is a final agency action. The cases do not support an argument that recovery plans are legally binding or that compliance with them is expected.

8 – OPINION AND ORDER

jurisdiction to hear Plaintiffs claims under the APA. Furthermore, because there are no facts that Plaintiffs can allege to correct this deficiency, I DISMISS Plaintiffs' ninth claim with prejudice.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and ADOPT the F&R [22] as my own opinion. Plaintiffs' first eight claims are DISMISSED with leave to renew. Plaintiffs' ninth claim is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this __1st__ day of June, 2017.

/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
Chief United States District Judge