IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**FRIENDS OF THE WILD SWAN INC.**
and **ALLIANCE FOR THE WILD ROCKIES, INC.**,

    Plaintiffs,

v.

**ROBYN THORSON**, Pacific Region Director, U.S. Fish and Wildlife Service, **U.S. FISH AND WILDLIFE SERVICE, S.M.R. JEWELL**, Secretary, U.S. Department of the Interior, and **U.S. DEPARTMENT OF THE INTERIOR**,

    Defendants.

No. 3:16-cv-00681-AC

OPINION AND ORDER

**MOSMAN, J.,**

On April 10, 2019, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [48], recommending that I deny Plaintiffs' Motion for Leave to File an Amended Complaint [38]. Plaintiffs filed Objections to the F&R [50] and Defendants filed a Response to those Objections [55]. For the reasons stated below, I adopt Judge Acosta's F&R in full.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

I previously dismissed Plaintiffs' Complaint [1] with leave to amend eight of Plaintiffs' nine claims. Order [31]. Plaintiffs were allowed twenty-eight days in which to file an amended complaint. Order [32]. After Plaintiffs failed to file an amendment, a final judgment was entered. J. [33]. Plaintiffs then appealed. Notice [34]. After the Ninth Circuit affirmed the Order dismissing Plaintiffs' Complaint, Plaintiffs requested leave to file an amended complaint. Mot. [38].

Judge Acosta recommends that I dismiss Plaintiffs' Motion for Leave to File an Amended Complaint [38] because Plaintiffs have not demonstrated that the final judgment in this case should be reopened under Federal Rule of Civil Procedure 60, a prerequisite to granting a motion to amend under Rule 15. F&R [48] at 2. In particular, Judge Acosta found that Plaintiffs failed to satisfy the requirements of Rule 60(b)(5) or (6). *Id.* at 6. Under Rule 60(b)(5), a party seeking relief from a final judgment must show "changed circumstances." *Id.* (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)). Under Rule 60(b)(6), relief from a final judgment is appropriate if a party can "establish the existence of extraordinary circumstances." *Id.* at 9 (quoting *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012)).

Plaintiffs state only one objection to the F&R: that Judge Acosta was "incorrect that matters proceeding under the ESA do not constitute extraordinary circumstances." Obj. [50] at 3. Plaintiffs then request that I "confirm the magistrate judge's finding that [Plaintiffs] may replead their claims in a new complaint and be heard on the merits." *Id.* Defendants' Response urges that I not review Plaintiffs' Objections because "Plaintiffs do not actually point to a specific portion of Judge Acosta's [F&R] to which they object." Resp. [55] at 5. Defendants also argue that Plaintiffs mischaracterize Judge Acosta's F&R by requesting that I adopt a finding that Plaintiffs may be heard on the merits if they file a new complaint. *Id.* at 6. Defendants object to any order that precludes them from raising defenses prior to the consideration of a new complaint on the merits. *Id.* at 6–8.

Reading Plaintiffs' Objections liberally, I find that they have made specific objections to the F&R. But I disagree with Plaintiffs' contention that all cases brought under the Endangered Species Act meet the "extraordinary circumstances" requirement to reopen a final judgment under Rule 60(b)(6). Therefore, I reject the Plaintiffs' objection to the F&R. I also find that Judge Acosta's F&R made no predetermination of Plaintiffs' ability to be heard on the merits if they choose to file a new complaint.

## CONCLUSION

For the reasons described above, I adopt the F&R [48] as my own opinion. Plaintiffs' Motion for Leave to File an Amended Complaint [38] is DENIED.

IT IS SO ORDERED.

DATED this 5th day of July, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge

3 – OPINION AND ORDER